# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Case No. CR415-210 |
| | ) | |
| BARBARA J. WALLACE | ) | |

## **REPORT AND RECOMMENDATION**

Barbara Wallace has been charged with eight counts of health care fraud, doc. 1, and now moves to dismiss her indictment.[1] Doc. 26. She contends that 18 U.S.C. § 1347[2] is "unconstitutionally vague as applied

---

[1] "In ruling on a motion to dismiss [an indictment], a district court is limited to reviewing the face of the indictment and, more specifically, the language used to charge the crimes. *See United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). It is well-settled that 'a court may not dismiss an indictment . . . on a determination of facts that should have been developed at trial.' *United States v. Torkington*, 812 F.2d 1347, 1354 (11th Cir. 1987)." *United States v. Sharpe*, 438 F.3d 1257, 1263 (11th Cir. 2006).

[2] The health care fraud statute penalizes,

> [w]hoever knowingly and willfully executes, or attempts to execute, a scheme or artifice -- (1) to defraud any health care benefit program; or (2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program. . . .

18 U.S.C. § 1347(a).

"With respect to violations of this section, a person need not have actual knowledge of this section or specific intent to commit a violation of this section." *Id.* at (b).

to [her] because subsection (b) directly contradicts subsection (a)." Doc. 26 at 2. In particular, subsection (b), says Wallace, eliminates the "intent to defraud" element found in subsection (a). *Id.* at 4. That purported conflict -- one section requires intent, the other does not -- makes it impossible for her to know what conduct the statute proscribes. *Id.*[3]

Statutes are void for vagueness when they "fail[] to provide a person of ordinary intelligence fair notice of what is prohibited, or [are] so standardless that [they] authorize[] or encourage[] seriously discriminatory enforcement." *United States v. Williams*, 553 U.S. 285, 304 (2008) (citations omitted). "Void for vagueness simply means that criminal responsibility should not attach where one could not reasonably understand that his contemplated conduct is proscribed." *United States v. Nat'l Dairy Products Corp.*, 372 U.S. 29, 32-33 (1963). As the Government correctly notes, "[i]t does not mean that the statute must

---

[3] Under Fed. R. Crim. P. 12(b), "[a] party may raise by pretrial motion any defense . . . that the court can determine without a trial on the merits." A vagueness challenge to the statute charged, at least when the relevant facts are confined to those on the face of the indictment, falls within Rule 12's ambit because the Court need not weigh any evidence of guilt to decide the issue. *See United States v. Ferguson*, 142 F. Supp. 2d 1350, 1354 (S.D. Fla. 2000) ("As the language of the rule indicates, when the issue raised involves a question that may not be determined without 'trial of the general issue' it is not proper for decision by pretrial motion. The 'general issue' has been defined as evidence relevant to the question of guilt or innocence.")

2

define every factual situation that may arise." *United States v. Biro*, 143 F.3d 1421, 1430 (11th Cir. 1998). "In general, 'when a regulation does not threaten the exercise of fundamental rights, one whose conduct is clearly proscribed by the regulation cannot successfully challenge it for vagueness.' *Farrell v. Burke*, 449 F.3d 470, 496 (2d Cir. 2006)." *United States v. Sachakov*, 812 F. Supp. 2d 198, 212 (E.D.N.Y. 2011) (considering an as-applied § 1347 vagueness challenge).[4]

Wallace's vagueness argument -- that subsection (b)'s scienter requirement conflicts with subsection (a)'s -- rests on a misreading of § 1347. At its core, "[§] 1347 is simply a fraud statute, much like the mail fraud and wire fraud statutes (both of which have withstood similar [vagueness] challenges)." *United States v. Franklin-El*, 554 F.3d 903, 911 (10th Cir. 2009) (cite omitted). It requires proof that a defendant "*knowingly and willfully* execute[d] . . . a scheme . . . to defraud any health care benefit program; or . . . obtain[ed]," by false or fraudulent means, any money or property controlled by a health care program. 18 U.S.C. § 1347(a) (emphasis added).

---

[4] *Sachakov* analyzed whether § 1347 necessarily incorporated various health care program (in that case, Medicare) manuals, policies, and administrative guidance and in doing so created unconstitutional vagueness. 812 F. Supp. 2d at 212-13. The court concluded it did not. *Id.*

"Although 'willfully' is a 'notoriously slippery term,' *United States v. Starnes*, 583 F.3d 196, 210 (3d Cir. 2009) (citation omitted), it is generally defined as 'act[ing] with knowledge that [one's] conduct was unlawful.' *Bryan v. United States*, 524 U.S. 184, 192, 118 S.Ct. 1939, 141 L.Ed.2d 197 (1998) (quoting *Ratzlaf v. United States*, 510 U.S. 135, 137, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994))." *United States v. Shvets*, 631 F. App'x 91, 95 (3d Cir. 2015), *cert. denied*, 136 S. Ct. 1526 (2016). It "differentiates between deliberate and unwitting conduct, but in the criminal law it also typically refers to a culpable state of mind." *Bryan*, 524 U.S. at 191 (1998).[5]

---

[5] *See also Bryan*, 524 U.S. at 192 n. 13 (citing *Heikkinen v. United States*, 355 U.S. 273, 279, 78 S.Ct. 299, 303, 2 L.Ed.2d 264 (1958) ("There can be no *willful* failure by a deportee, in the sense of § 20(c), to apply to, and identify, a country willing to receive him in the absence of evidence . . . of a 'bad purpose' or '[non-]justifiable excuse,' or the like. . . . [I]t cannot be said that he acted 'willfully' -- *i.e.*, with a 'bad purpose' or without 'justifiable excuse'"); *United States v. Murdock*, 290 U.S. 389, 394, 54 S.Ct. 223, 225, 78 L.Ed. 381 (1933) ("[W]hen used in a criminal statue [willfully] generally means an act done with a bad purpose"); *Felton v. United States*, 96 U.S. 699, 702, 24 L.Ed. 875 (1877) ("Doing or omitting to do a thing knowingly and willfully, implies not only a knowledge of the thing, but a determination with a bad intent to do it or to omit doing it. The word willfully . . . in the ordinary sense in which it is used in statutes, means not merely voluntarily, but with a bad purpose. It is frequently understood . . . as signifying an evil intent without justifiable excuse.") (quotes and cites omitted); 1 L. Sand, J. Siffert, W. Loughlin, & S. Reiss, MODERN FEDERAL JURY INSTRUCTIONS ¶ 3A.01, p. 3A–18 (1997) ("'Willfully' means to act with knowledge that one's conduct is unlawful and with the intent to do something the law forbids, that is to say with the bad purpose to disobey or to disregard the law.")).

In narrow circumstances, however, willfulness can refer to an intent to violate the specific law at issue rather than possessing a mere "culpable state of mind." In *Cheek v. United States*, for example, the Supreme Court held that "'willfully' as used in the federal criminal tax statutes" meant "the 'voluntary, intentional violation of a *known* legal duty.'" 498 U.S. 192, 200-01 (1991) (quoting *United States v. Pomponio*, 429 U.S. 10, 13 (1976) (emphasis added). That "special treatment of criminal tax offenses [was] largely due to the complexity of the tax laws," and reflected intentional congressional softening of the "presumu[ption] that every person kn[ows] the law." *Cheek*, 498 U.S. at 199-200; *see also Ratzlaf*, 510 U.S. at 149 (anti-structuring statute that prohibited "willfully violating" monetary transaction reporting requirements constituted congressionally decreed exception to the otherwise applicable "principle that ignorance of the law generally is no defense to a criminal charge"); *United States v. Eisenstein*, 731 F.2d 1540, 1543 (11th Cir. 1984) ("[W]illful violation" of 31 U.S.C. § 5313's reporting requirement for cash transactions over $10,000 requires "'proof of the defendant's knowledge of the reporting requirement and his specific intent to commit the crime'").

5

Absent statutory language imposing that heightened knowledge and intent requirement, the traditional knowledge presumption applies and "willfully" returns to its traditional roots -- a voluntary, intentional violation of a legal duty (as compared to a voluntary, intentional violation of a *known* duty, see *Cheek*, 498 U.S. at 201). That is the case here:

> [t]he proper definition of 'willfully' . . . hinges primarily on the nature of a 2010 amendment to the statute, which states that '[w]ith respect to violations of this section, a person need not have actual knowledge of this section or specific intent to commit a violation of this section.' 18 U.S.C. § 1347(b).
>
> * * *
>
> [T]he legislative history of the 2010 amendment forecloses [the] argument that § 1347 requires proof of the defendant's knowledge of the statute. *See* 155 Cong. Rec. S10853 (daily ed. Oct. 28, 2009) (statement of Sen. Kaufman) ("The bill . . . addresses confusion [and] . . . clarifies that 'willful conduct' in this context does not require proof that the defendant had actual knowledge of the law in question or specific intent to violate that law."). And the weight of the case law interpreting § 1347 and the analogous Anti–Kickback statute, 42 U.S.C. § 1320a–7b, only strengthens this conclusion. *See United States v. Davis*, 132 F.3d 1092, 1094 (5th Cir. 1998) (requiring "specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law"); *United States v. Starks*, 157 F.3d 833, 837–39 (11th Cir. 1998) (holding that knowledge of the Anti–Kickback statute was not required); *United States v. Jain*, 93 F.3d 436, 440–41 (8th Cir. 1996) (requiring proof that the defendant "knew that his conduct was wrongful, rather than proof that he knew it violated a known legal duty").

*Shvets*, 631 F. App'x at 95; *see also United States v. St. John*, 625 F. App'x 661, 666 (5th Cir. 2015) (jury instruction on § 1347 that "willfully . . . means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is to say, with bad purpose either to disobey or disregard the law" contained no error because "[i]n the face of [subsection (b)] . . . *Cheek*'s rationale does not apply").

Wallace's contrary assertions notwithstanding, § 1347(b) does not remove the scienter element from health care fraud, or create a conflict with subsection (a). Doc. 26 at 5. Instead, as noted above, it "clarifies" that "knowingly and willfully," at least "in this context[,] does not require proof that the defendant had actual knowledge of the law in question or specific intent to violate that law." *Shvets*, 631 F. App'x at 95. What § 1347 does require is "a specific intent to defraud or misrepresent." *Sachakov*, 812 F. Supp. 2d at 213 (quoting *Franklin-El*, 554 F.3d at 911).[6] Hence, the Government must prove that a defendant specifically intended to defraud or misrepresent a claim to the victim-

---

[6] *Franklin-El*, like *Sachakov*, considered whether § 1347(a) alone (the statute had not yet been amended to include subsection (b)) triggered vagueness concerns by incorporating regulations, manuals, and health care program policies. 554 F.3d at 910. The court found that it "is not defined through other regulations," and thus not vague. *Id.* at 911.

7

payor government agency, *not* that he or she intended to violate a specific statute.

Nor does Wallace's misapprehension of § 1347(b)'s import and effect mean that § 1347 itself is unconstitutionally vague. The provision gives her ample notice that her alleged conduct -- knowingly submitting fraudulent "claims to Medicaid for orthotic equipment, which were not prescribed," intending to obtain payment from Medicaid in return (doc. 1 at 4-5) -- is prohibited. "Although the health care fraud statute does not (and could not) specify the innumerable fraud schemes one may devise, a person of ordinary intelligence would understand [Wallace]'s conduct to be the very conduct contemplated by 18 U.S.C. § 1347." *Franklin-El*, 554 F.3d at 911. As she admits, "[i]nherent in these health care fraud charges is that Barbara Wallace knew that prescriptions did not exist and acted with the intent to defraud." Doc. 26 at 5. That's more than enough to find her indictment valid. *See United States v. Bobo*, 344 F.3d 1076, 1083 (11th Cir. 2003) ("For an indictment [under § 1347] to be valid, it must contain the elements of the offense intended to be charged, and sufficiently apprise the defendant of what [s]he must be prepared to meet.").

Accordingly, Wallace's motion to dismiss (doc. 26) should be **DENIED**.

**SO REPORTED AND RECOMMENDED**, this  10th  day of June, 2016.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA