# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CR415-210 |
| | ) | |
| BARBARA J. WALLACE, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Having represented Barbara Wallace through trial and sentencing, retained defense counsel Justin D. Maines automatically continues as her counsel on appeal under the Eleventh Circuit's "in for a dime, in for a dollar rule."[1] Wallace now asks the Court to appoint Maines as her appellate counsel pursuant to the Criminal Justice Act, citing her newfound indigence as reason enough for appellate counsel to be furnished at public expense. Doc. 71 at 1.

---

[1] "Retained counsel for a criminal defendant has an obligation to continue to represent that defendant until successor counsel either enters an appearance or is appointed under the Criminal Justice Act, and may not abandon or cease representation of a defendant except upon order of the court." 11th Cir. R. 46-10(a); *see also id*. at 46-10(c) ("[c]ounsel appointed by the trial court shall not be relieved on appeal except in the event of incompatibility between attorney and client or other serious circumstances") (2009); *Datts v. United States*, 2012 WL 5997803 at * 1 (S.D. Ga. Oct. 24, 2012); *United States v. McCloud*, 2008 WL 5069833 at * 2 (S.D. Ga. Dec. 1, 2008). The Court reminded counsel of that policy when he appeared in this case. Doc. 14 (notice to retained counsel).

It is the policy of both this Court and the Eleventh Circuit Court of Appeals that retained counsel in a criminal case is expected to represent the defendant until the conclusion of her case, and a convicted defendant's case is not concluded until her direct appeal is decided. *See* 11th Cir. R. 46-10(a). Meaning, Maines is in it for as long as defendant's case is pending. If, "after appropriate inquiry," the Court is satisfied that defendant "is financially unable to obtain counsel, [it] shall appoint counsel to represent h[er]." 18 U.S.C. § 3006A(b); *see also* Addendum Four, Eleventh Circuit Plan Under the Criminal Justice Act, § (d)(2), Eleventh Circuit Rules (the district court must conduct an *in camera* review of the defendant's financial circumstances *and* the fee arrangements between her and her retained trial counsel to determine whether counsel should be required to continue representation despite defendant's inability to pay). Wallace wants to keep Maines on, with the cost of his representation borne by the public.

In support of her motion, Wallace provides a copy of her Presentence Investigative Report's expense summary (showing $4,655 in monthly expenses and $155 in cash flow, along with a determination that she did not "have the ability to pay a fine within the advisory guideline

fine range.") and notes that she is now incarcerated. Doc. 71 at 1 & Exh. A. She does not supply any further information, including any details of her *current* financial obligations and income (if any), or the fee arrangement between herself and Maines. *See* doc. 71. The Court cannot determine the extent of services already rendered or the amount already paid in fees, much less defendant's own indigence. Before any hearing or *in camera* review of defendant's motion can be undertaken, the Court needs more. *See* 11th Cir. R. 46-10(a); Addendum Four, § (d)(2).

Defendant is therefore **ORDERED** to supplement her motion within 14 days of service of this Order with information sufficient for this Court to evaluate both her indigence and whether Maines should be ordered to continue his representation pursuant to the fees already paid in this matter. *See, e.g., United States v. Danahy*, 2015 WL 3618583 at *3 (M.D. Fla. June 9, 2015).

**SO ORDERED** this  19th  day of October, 2017.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA